**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**JUN 5 1997**

**PATRICK FISHER**
**Clerk**

STEVEN KERRY HARP,

    Petitioner-Appellant,

    v.

EDWARD L. EVANS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

    Respondents-Appellees.

No. 97-6007
(D.C. No. 96-CV-774)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Steven Kerry Harp appeals the judgment of the district court denying his petition for habeas corpus relief under 28 U.S.C. § 2254. He challenges his state convictions for possession of marijuana with intent to distribute, and possession of marijuana without a tax stamp, contending they were based on evidence seized in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of the Fourth Amendment.  Specifically, he argues the police believed he had drugs in his car, but lacked reasonable suspicion or probable cause for a stop or search for drugs and used a traffic violation as a pretext to stop his car to search for drugs.  We deny petitioner a certificate of appealability and dismiss the appeal.

Under 28 U.S.C. § 2253, a provision of the Antiterrorism and Effective Death Penalty Act, an appeal may not be taken to the court of appeals from a final order in § 2254 proceedings unless the petitioner has obtained a certificate of appealability by making a substantial showing of the denial of a constitutional right.  Here, petitioner has not made such a showing.

Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the petitioner had an opportunity for full and fair litigation of the claim in state court.  Stone v. Powell, 428 U.S. 465 (1976).  Petitioner had that opportunity and used it fully.  Petitioner raised the Fourth Amendment issue in state court in a motion to suppress.  After an evidentiary hearing and extensive oral argument, the state trial court resolved conflicting evidence and found the police had probable cause to stop and arrest petitioner for driving while under the influence and that the stop was not a pretext for a search for drugs.  Petitioner raised the issue on appeal to the Oklahoma Court of Criminal Appeals, but the court rejected his arguments and affirmed his convictions.

We DENY petitioner a certificate of appealability and DISMISS the appeal.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-2-